Date : August 20, 2020

From: Dominick Pugliese
Fed.Reg.No.#72837-067
Unit 5711
Federal Correction Institution
Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

**FILED**
HARRISBURG, PA

AUG 2 5 2020

PER _____
DEPUTY CLERK

To : Clerk of Court's Office
United States District Court
Middle District of Pennsylvania
Ronald Reagan Federal Building
228 Walnut Street
Harrisburg, PA 17108-9998

Re: United States v. Dominick Pugliese, Case No. 1:15-CR-182-01 Motion under 18 U.S.C. Section 3582(c)(1)(A)(i), Sentence Reduction.

Clerk of the Court:

Please accept this letter application as a motion under Title 18, United States Codes Services, Section 3582(c)(1)(A)(i), requesting a sentence reduction for compassionate release due to the extraordinary and compelling circumstances and pursuant to the Coronavirus Aid, Relief, and Economic Security Act (hereinafter "CARES Act"). At this time, Dominick Pugliese (hereinafter "Petitioner"), is requesting a sentence reduction.

## BACKROUND

DOMINICK PUGLIESE was charged with 21:846 Conspiracy To Distribute and Possession With Intent To District at Least 100 Grams of Heroin, Cocaine Hydrochloride & Marijuana (CT-1) and was sentenced to 175 months and 5 years supervised release.

The Petitioner has a well-documented history of medical complications which stem from injuries suffered prior to and during his incarceration. While housed in the Federal Bureau of Prisons, he has suffered medical ailments due to the harsh living conditions, dismal medical treatment, and sanitary conditions. Although the Petitioner's physicians directed that he receive follow-up care and be placed on the chronic care patient list, such care is repeatedly delayed and/or difficult to obtain. He continues to suffer from problems associated to his diagnosis of having high blood pressure and asthma and still uses the asthma pump daily and is seeking immediate home confinement. The Petitioner requests release in advance of his release date (July 09, 2033), because he is at risk of contracting, and experiencing serious complications from, COVID-19 if he remains housed in the Federal Bureau of Prisons (the "BOP"). He spends most of each day in a 2 man cell that is barely large enough for a single occupant and social distancing is impossible as so stated by the Warden at his facility. The BOP acknowledges that COVID-19 is present within the BOP. See COVID-19 Tested Positive Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/. The court's authority to act on Petitioner's application considering that he has exhausted the administrative remedies under § 3582(c)(1)(A), which requires that a defendant seeking compassionate release present his application to the BOP and then either (1) administratively appeal an adverse result if the BOP does not agree that his sentence should be modified, or (2) wait for 30 days to pass. On June 15th, 2020, the Petitioner submitted a informal request for home confinement and compassionate release applications to the Warden and staff which can be considered as a sensitive

[1]

BP-9 application for a sentence modification to the Warden at the FCI Fort Dix Facility. To date, the BOP nor Warden has not acted on that request. The Court holds, however, that Petitioner's exhaustion of the administrative process can be waived in light of the extraordinary threat posed-in his unique circumstances-by the COVID-19 pandemic. See Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019)("Even where exhaustion is mandated by statute..., the requirement is not absolute.") The current pandemic has led to President Trump placing the United States under a state of emergency for Covid-19 and this threat constitutes an extraordinary and compelling reason to reduce the Petitioner's sentence to time served or to be placed on home confinement for the duration of his incarceation time.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A), authorizes courts to modify terms of imprisonment as follows:

The court may not modify a term of imprisonment once it has been imposed except that-in any case-the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Petitioner must both meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Petitioner will address these requirements in turn.

## EXHAUSTION

Section 3582(c)(1)(A) imposes "a statutory exhaustion requirement" that "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) (internal quotation marks omitted). "Even where exhaustion is seemingly mandated by statute..., the requirement is not absolute." See Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019) (citing McCarthy v. Madigan, 503 U.S. 140, 146-47 (1992)). The Court need not decide whether § 3582(c)'s exhaustion requirement is a jurisdictional requirement or merely a mandatory claim-processing rule. See Monzon, 2020 WL 550220, as *2 (describing split between courts on that question). The Court may waive that requirement only if one of the recognized exceptions to exhaustion applies. There are three circumstances where failure to exhaust may be excused. "First, exhaustion may be unnecessary where it would be futile, either because agency decision makers are biased or because the agency has already determined the issue." Supra. Second, "exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." Supra at Barr, 925 F.3d at 119. Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice." Id. All three of these exceptions apply here. "[U]ndue delay, if it in fact results in catastrophic health consequences, could make exhaustion futile. Moreover, the relief the agency might provide could, because of undue delay, become inadequate. Finally, and obviously, [Petitioner] could be unduly prejudiced by such delay." See Washington, 925 F.3d at 120-21; see also Bowen v. City of New York, 476 U.S. 467, 483 (1986) (holding that irreparable injury justifying the waiver of exhaustion requirements exists where "the ordeal of

[2]

having to go through the administrative process may trigger a severe medical setback" (internal quotation marks, citation, and alterations omitted)); Abbey v. Sullivan, 978 F.2d 37, 46 (2d Cir. 1992) ("[I]f the delay attending exhaustion would subject claimants to deteriorating health,...then waiver may be appropriate."); New York v. Sullivan, 906 F.2d 910, 918 (2d Cir. 1990) (holding that waiver was appropriate where "enforcement of the exhaustion requirement would cause the claimants irreparable injury" by risking "deteriorating health, and possibly even...death"). Here, even a few weeks delay carries the risk of catastrophic health consequences for the Petitioner. The Court concluded in Washington v. Barr, that requiring the defendant to exhaust administrative remedies, given his unique circumstances and the exigency of a rapidly advancing pandemic, would result in undue prejudice and render exhaustion of the full BOP administrative process both futile and inadequate. To be sure, "the policies favoring exhaustion are most strongly implicated" by challenges to the application of existing regulations to particular individuals. See Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996) (internal quotation marks, citation, and alterations omitted). Ordinarily, requests for a sentence reduction under § 3582(c) would fall squarely into that category. But "courts should be flexible in determining whether exhaustion should be excused," id. at 151, and "[t]he ultimate decision of whether to waive exhaustion....should also be guided by the policies underlying the exhaustion requirement." See Bowen, 476 U.S. at 484. The provision allowing defendants to bring motions under § 3582(c) was added by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), in order to "increas[e] the use and transparency of compassionate release." 132 Stat. 5239. Requiring exhaustion generally furthers that purpose, because the bop is best situated to understand an inmate's health and circumstances relative to the rest of the prison population and identify "extraordinary and compelling reasons" for release. See 18 U.S.C. § 3582(c)(1)(A)(i). In the Petitioner's case, however, administrative exhaustion would defeat not further, the policies underlying § 3582(c). Here, delaying release amounts to denying relief altogether. The Petitioner still has a substantial amount of time remaining on his sentence, and pursuing the administrative process would be a futile endeavor; and, he is unlikely to receive a final decision from the BOP. The Petitioner asks that his sentence be modified so that he can be released now, because remaining incarceration for even a few weeks increases the risk that he will contract COVID-19.

## DISCUSSION

The Court in Perez, found that the defendant set forth "extraordinary and compelling reasons" to reduce his sentence to time served. See United States v. Perez, Case No. 12-CR-513-3 (AT)(S.D.N.Y. April 1, 2020); see also 18 U.S.C. § 3582(c)(1)(A)(i). The Government in Perez, did not dispute that the defendant had shown compelling reasoning to have his sentence reduced to time served. Id. And Perez's medical condition, combined with the limited time remaining on his prison sentence and the high risk in the MDC posed by COVID-19, clears the high bar set by § 3582(c)(1)(A)(i). Furthermore, the Petitioner has served 4 years and 5 months of his 175 months prison term. The authority to define "extraordinary and compelling reasons" has been granted to the United States Sentencing Commission, which has defined that term as U.S.S.G. § 1B1.13, comment n.1. See United States v. Ebbers, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020).

## I. EXTRAORDINARY AND COMPELLING REASONS FOR RELEASE

First, extraordinary and compelling reasons for modification exist where "[t]he defendant is ...suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." See U.S.S.G. § 1B1.13. A number of courts have denied applications for

[3]

## CERTIFICATE OF SERVICE

I, DOMINICK PUGLIESE, acting Pro se litigant in accordance with 28 U.S.C. § 1746 under the pains and penalty of perjury without the United States do hereby certify that I served this Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) to the Clerk of Court's Office For The United States District Court, Middle District of Pennsylvania, Ronald Reagan Federal Building 228 Walnut Street, Harrisburg, PA 17108-9998 by the United States Postal prepaid mailing service on this 20th day of August 20202.

Respectfully submitted,

By: *Dominick Pugliese*
DOMINICK PUGLIESE, ACTING PRO-SE
FED.REG.NO.#72837-067
UNIT 5711
FEDERAL CORRECTION INSTITUTION
FORT DIX
P.O. BOX 2000
JOINT BASE MDL, NJ 08640.

[5]

INMATE NAME: Dominick Pugliese
REGISTER NO.: 72837067
HOUSING UNIT: 5-711
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
FORT DIX, NJ 08640

Clerk of Courts
Ronald Reagan Federal Building
228 Walnut street
Harrisburg, PA 17108-9998

RECEIVED
HARRISBURG, PA

AUG 2 5 2020

PER _____
DEPUTY CLERK

17108$2586 C000