UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:15-CR-182-1 |
| v. | (Judge Kane) |
| DOMINICK PUGLIESE<br>　　　　Defendant | (Electronically Filed) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c) (1) (A)**

Defendant Pugliese has filed a *pro se* motion and brief with the court asking to be released from the custody of the Bureau of Prisons due to the COVID-19 virus and concerns regarding its transmission in an institutional setting. (Doc. 278.). The court did not appoint counsel but ordered the United States to respond by September 4, 2020, but extended that deadline until September 14, 2020, on motion of the government. (Docs. 279. and 282.). Pugliese wants his sentence reduced to time served or to be released on home confinement under 18 U.S.C. § 3582 (c) (1) (A). Although Pugliese has not served even one quarter of his 295 month sentence on his convictions for drug trafficking and possessing a firearm in furtherance of drug trafficking, he seeks a

1

reduction of his sentence to time served and that the court order his immediate release.

The United States respectfully opposes the motion and asks the court to deny the motion with prejudice. First, this court cannot order home confinement, only the Bureau of Prisons can do that. Second, defendant has not met his burden of establishing that a sentence reduction is warranted under the statute.

I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Pugliese pled guilty on March 15, 2016, to Counts One and Seven of the Indictment, i.e., conspiracy to distribute at least 100 grams of heroin in violation of 21 U.S.C. § 846, and possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924 (c). The presentence report (Doc. 149.) details the defendant's extensive drug trafficking and extensive criminal history. The defendant was determined to be responsible for distributing 1-3 kilograms of heroin and 500 grams – 2 kilograms of cocaine HCL, as well as roughly 30 kilograms of marijuana. (PSR p. 8.).

On September 28, 2016, Pugliese, a career offender, was sentenced to a combined term of imprisonment of 295 months.  Pugliese is

currently incarcerated at Fort Dix FCI. The BOP reports that as of August 9, 2020, there are no inmates or staff at Fort Dix who currently have COVID-19 or who have died from it. There have been 36 inmates and 6 staff members there who have recovered.

Overall, the BOP has 126,723 federal inmates in BOP-managed institutions and 14,006 in community-based facilities. The BOP staff complement is approximately 36,000. There are 1,772 federal inmates and 645 BOP staff who have confirmed positive test results for COVID-19 nationwide. Currently, 11,155 inmates and 1,001 staff have recovered. There have been 118 federal inmate deaths and 2 BOP staff member death attributed to COVID-19 disease. Of the inmate deaths, 4 occurred while on home confinement.

On June 25, 2020, the CDC revised its list of risk factors for an adverse outcome from [COVID-19](). In these guidelines, as revised and amended, CDC has identified certain health conditions that create increased risk of an individual having a severe reaction if they contract COVID-19. DOJ's position has been that these specific health conditions present "extraordinary and compelling reason[s]" that may warrant compassionate release under section 3582 (c) (1) (A) (i) and

3

Application Note 1 (A) (ii) (I) to U.S.S.G. § 1B1.13. DOJ is evaluating the new information and expects to issue revised guidance to all United States Attorney's offices shortly. For the court's convenience the revised CDC page can be found [here](#).

Of note, the CDC has removed the age threshold, which used to be 65, and now states that anyone at any age with a specified condition may be at greater risk. The new list definitively states that people "with the following conditions are at increased risk of severe illness from COVID-19." The CDC statement says that these designations are based on "consistent evidence from multiple small studies or a strong association from a large study that specific conditions increase a person's risk of severe COVID-19 illness." All of these conditions previously appeared as risk factors, with one notable change that broadens the population of people at risk: obesity now qualifies with a BMI of 30, significantly lower than 40 as previously stated. Here is the full list:

- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant

- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

There is now a separate list of conditions that "might" increase the risk of severe illness from COVID-19. The page now states: "COVID-19 is a new disease. Currently there are limited data and information about the impact of underlying medical conditions and whether they increase the risk for severe illness from COVID-19. Based on what we know at this time, people with the following conditions might be at an increased risk for severe illness from COVID-19." The notable additions here, which were not previously risk factors, include "hypertension or high blood pressure," "neurologic conditions, such as dementia," and "smoking." Other conditions on this list previously appeared as risk factors, but now appear in this separate list of factors that might lead to an increased risk for severe illness, including:

- Asthma (moderate-to-severe)
- Cerebrovascular disease (affects blood vessels and blood supply to the brain)
- Cystic fibrosis
- Hypertension or high blood pressure

- Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines
- Neurologic conditions, such as dementia
- Liver disease
- Pregnancy
- Pulmonary fibrosis (having damaged or scarred lung tissues)
- Smoking
- Thalassemia (a type of blood disorder)
- Type 1 diabetes mellitus

## II. LEGAL FRAMEWORK

Under 18 U.S.C. § 3582 (c) (1) (A), this court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582 (c) (1) (A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The United States

6

believes the defendant has exhausted his administrated remedies. *See United States v. Harris*, Appeal No. 20-1723 (3d Cir.) (July 20, 2020)

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553 (a)]" if the court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582 (c) (1) (A) (i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582 (c) (1) (A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553 (a) factors if the court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to

the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1 (A) (i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf. 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

USSG § 1B1.13, cmt. n.1 (A) (ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1 (B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1 (D).

III. ARGUMENT

The court should deny the defendant's motion with prejudice on either of two independently sufficient grounds. First, defendant has not established that "extraordinary and compelling reasons" support a sentence reduction; second, defendant has not met his burden to show that a reduction is warranted in light of the danger that defendant would pose to the community and the relevant § 3553 (a) factors.

A. <u>Defendant Has Not Identified "Extraordinary and Compelling Reasons" for a Sentence Reduction.</u>

Defendant's request for a sentence reduction should be denied because he has not demonstrated "extraordinary and compelling reasons" warranting release. As explained above, under the relevant

9

provision of § 3582 (c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c) (1) (A) (i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. USSG § 1B1.13, cmt. n.1 (A) and (C).

For that reason, to state a cognizable basis for a sentence reduction based on a medical condition or family circumstances, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover". USSG 1B1.13, cmt. n.1 (A). If a defendant's medical condition does not fall within one of the categories specified in the application

note and no other part of the application note applies, his or her motion must be denied.

Here, the defendant claims that he suffers from medical conditions which, according to the CDC, place him in greater danger of having a serious adverse reaction if he were to contract COVID-19. Pugliese claims he suffers from asthma and hypertension.

Several courts have denied motions for compassionate release from individuals with far more serious underlying health conditions, even in light of concerns related to the spread of COVID-19. See, e.g., *United States v. Gamble*, No. 3:18-CR-0022-4(VLB), 2020 WL 1955338 (D. Conn. Apr. 23, 2020) (finding no extraordinary and compelling circumstances justifying compassionate release where the defendant's diabetes was controlled); *United States v. Gagne*, No. 3:18-CR-242 (VLB), 2020 WL 1640152 (D. Conn. Apr. 2, 2020) (denying compassionate release where the defendant suffered from multiple sclerosis); *United States v. Manuel,* No. 3:13-CR-479-CMC, 2020 WL 1466000 (D.S.C. Mar. 26, 2020) (denying compassionate release where the defendant had a chronic cardiac condition).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not alone provide a basis for a sentence reduction. The categories of risk factors encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit Court has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020); *see also United States v. Eberhart*, 2020 WL 1450745, at *1 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required

by § 3582 (c) (1) (A).").[2]  To classify COVID-19 as an extraordinary and compelling reason would not only be inconsistent with the text of the statute and the policy statement, but would be detrimental to BOP's organized and comprehensive anti-COVID-19 regimens, could result in the scattershot treatment of inmates, and would undercut the strict criteria BOP employs to determine individual inmates' eligibility for sentence reductions and home confinement.  Section 3582 (c) (1) (A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a world-wide viral pandemic.

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under § 3582 (c) (1) (A).  If an inmate has a

---

[2] *See also, e.g.*, *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala*, 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks*, 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomaz*, 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have no risk factors); *United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver*, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[3] that condition may satisfy the standard of "extraordinary and compelling reasons."  Under these circumstances, a chronic condition (*i.e.,* one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. USSG § 1B1.13, cmt. n.1 (A) (ii) (I).  But as part of its analysis of the totality of circumstances, the court should consider whether the inmate is more likely to contract COVID-19 if he or she is released than if he or she remains incarcerated.  That will typically depend on the inmate's proposed release plans and whether a known outbreak has occurred at his or her institution.  Pugliese has not presented any plan to the court.

---

[3] *See* Centers for Disease Control, *At Risk for Severe Illness, available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last modified Apr. 2, 2020).

In this case, it is the position of the United States that Pugliese's medical condition does not warrant his request for compassionate release as his medical condition does not qualify as an "extraordinary and compelling reason" for a sentence reduction under § 3582 (c). The motion should be denied.

B. <u>Defendant Still Poses a Significant Danger to the Safety of the Community and the § 3553 (a) Factors Strongly Weigh Against His Release.</u>

Alternatively, should the court find the evidence sufficient to show that Pugliese has a medical condition that fits the CDC's list and therefore establishes Pugliese has set forth an extraordinary and compelling reason for a sentence reduction, the defendant's request for a sentence reduction should nonetheless be denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553 (a) factors.

Under the applicable policy statement, this court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13 (2). Additionally, this court must consider the § 3553 (a) factors, as

"applicable," as part of its analysis. *See* § 3582 (c) (1) (A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

The defendant's criminal conduct in this case and his prior criminal record show that he would be a danger to the community if he were to be released. His claimed medical issues did not prevent him from trafficking in significant amounts of heroin, cocaine and marijuana which led to his current conviction and incarceration. This court should deny a sentence reduction on that basis alone. His criminal history spans 8 pages in the PSR and includes convictions for robbery and drug trafficking that resulted in lengthy prison terms. (Doc. 149. PSR pp. 12-20.).

Additionally, the defendant simply has not served an adequate amount of time in prison on the crimes of conviction. Pugliese was sentenced to 235 months' imprisonment on Count One and a consecutive 60 months' imprisonment on Count Seven. His projected release date is not until August 26, 2033, that is 13 years from now. Courts' in this district have recently denied requests for release on this basis, even where the defendant had demonstrated extraordinary and compelling reasons. In *US v. Pugliese*, 1:15-CR-283 (Rambo, J.)

(9/2/2020) Judge Rambo held that Pugliese had arguably made a showing of a compelling and extraordinary circumstance. Nonetheless, the court concluded that Pugliese needs to serve the full duration of his sentence before the court can release him into the public to protect the public and deter him from re-offending in the future. In *US v. Bullock*, 4:16-CR-264 (Brann, J.) (9/9/2020), Judge Brann found that Bullock's diagnoses for asthma, hypertension, and chronic kidney disease demonstrated that he was at an elevated risk of serious illness or death should he contract COVID-19 and that this was sufficient to show that extraordinary and compelling reasons warrant compassionate release. Nevertheless, Judge Brann concluded that those extraordinary and compelling reasons were outweighed by the relevant 18 U.S.C. § 3553 (a) sentencing factors and the danger that Bullock posed "to the safety of any other person or to the community." 18 U.S.C. § 3582 (c) (1) (A); U.S. Sentencing Guidelines Manual § 1B1.13 (2). Among the reasons noted by Judge Brann was the fact that Bullock still had approximately five and one-half years remaining of his seven-year sentence, meaning that he had not yet served even a quarter of his sentence.

Accordingly, in light of defendant's offenses, the significant length of his sentence yet to be served, and the totality of relevant circumstances, it is respectfully requested that this court deny the motion for a sentence reduction.

## IV.    CONCLUSION

For these reasons, this court should deny defendant's motion for a sentence reduction with prejudice.

                                        Respectfully submitted,

                                        DAVID J. FREED
                                        United States Attorney

Dated:  September 10, 2020         s/William A. Behe
                                        WILLIAM A. BEHE
                                        Assistant U.S. Attorney
                                        228 Walnut Street
                                        P.O. Box 11754
                                        Harrisburg, PA 17108
                                        717/221-4482 (Office)
                                        717/221-2246 (Fax)
                                        Email:  William.Behe@usdoj.gov
                                        Bar No. PA-32284

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | No. 1:15-CR-182-1 |
|---|---|
| v. | (Judge Kane) |
| DOMINICK PUGLIESE<br>Defendant | (Electronically Filed) |

## CERTIFICATE OF SERVICE

    I certify that on September 10, 2020, I served the foregoing document

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582 (c) (1) (A)**

by first class mail on the following individual:

Dominick Pugliese
No. 72837-067
Unit 5711
Fort Dix FCI
P.O. Box 2000
Joint Base MDL, NJ   08640

                                        /s/ Jennifer Sbert
                                        Jennifer Sbert
                                        Legal Assistant