# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:15-CR-00182 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DOMINICK PUGLIESE | : | Electronically filed |

### SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION
### FOR COMPASSIONATE RELEASE AND
### REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), permits a reduction in the sentence previously imposed on a defendant if "extraordinary and compelling reasons" exist. *Id.* There can be no more extraordinary and compelling reason for release than those presented here.

The defendant, Dominick Pugliese, is dying. He has been in a hospital for 38 days, suffering from "severe COVID Pneumonia," and he has been in the intensive care unit for more than a month, where he is currently on a mechanical ventilator. Ex. A at 1, 4, 7, 16, 22, 29. He no longer responds to verbal or tactile stimuli, and his condition is described as "extremely grave," with a 78% likelihood of mortality. Ex. A at 1, 4. He has not been allowed to see his family, who are unaware of his location and have received information about his condition only through a chaplain who was permitted to visit him on at least one occasion. Ex. A at 1, 4.

The government previously opposed compassionate release on the ground that Mr. Pugliese's underlying medical conditions – including chronic pulmonary disease, asthma, and hypertension (Ex. A at 48-49, 58-59) – are not sufficiently serious. Doc. 283 at 9-17. That argument, however, is based on now-outdated records, which do not reflect the dire condition in which Mr. Pugliese is at this time (and which were available to neither party at the time of the government's original response).[1] Whether or not Mr. Pugliese's underlying conditions alone would have

---

[1] Mr. Pugliese's most recent medical records were obtained by the government, and shared with defense counsel, on or around February 11, 2021, months after the *pro se* motion for compassionate release and the government's response were filed

1

constituted "extraordinary and compelling reasons" for his release – and they would have, as those conditions have been expressly recognized by the Centers for Disease Control and Prevention of the U.S. Department of Health ("CDC") as increasing the harmful and potentially fatal effects of exposure to COVID-19[2] – the fact is that Mr. Pugliese *is currently suffering those very effects*, and as a result is not expected to live much longer.  Ex. A at 1, 4.  His current condition itself represents an "extraordinary and compelling reason" for release.  See Doc. 283 at 10-11 (acknowledging that a "terminal illness" qualifies).  And Mr. Pugliese can hardly be described as posing a danger to anyone, as he cannot even move, and indeed even assuming that he might recover (which seems exceedingly unlikely) he has no apparent history of serious violence or disciplinary problems.  See Doc. 149 at 12-20.  Nothing about Mr. Pugliese's current circumstances or background suggest that release would be inappropriate or somehow inconsistent with the sentencing factors of 18 U.S.C. § 3553(a).[3]

---

(in August and September 2020).  Those records, in their entirety, are attached as an exhibit to this brief.  See Ex. A.

[2] CDC, *Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk for Severe Illness* (Dec. 29, 2020), *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

[3] The government also asserts that release should be denied because in its view Mr. Pugliese "simply has not served an adequate amount of time in prison on the crimes of conviction," and has not offered a sufficient proposed release plan.  Doc. 283 at 14, 16-17.  But Mr. Pugliese has already served a significant amount of time in prison based on those crimes – more than five years, out of a total sentence of 235 months (Doc. 165 at 2) – and in all events service of a particular portion of an imposed sentence is not a prerequisite for a reduction in sentence under 18 U.S.C.

Mr. Pugliese is both unquestionably eligible for and eminently entitled to relief. He should be surrounded by his family, rather than correctional officers, as he faces death. The motion for compassionate release should be granted, and his sentence reduced to time served.[4]

Date: February 12, 2021

Respectfully submitted,

/s/ *Quin M. Sorenson*

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

---

§ 3582(c)(1)(A). As for Mr. Pugliese's release plan, that plan can be presented to the Court, and verified by the probation department, if and when the motion for release is granted – as has been done in other cases. *See also* Doc. 278-1 at 3.

[4] The government does not contest that Mr. Pugliese exhausted his administrative remedies and is thus eligible for relief under the statute. *See* Doc. 283 at 7.

3

# CERTIFICATE OF SERVICE

I, Quin M. Sorenson, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

William A. Behe, Esquire
United States Attorney's Office
*william.behe@usdoj.gov*


Date:  February 12, 2021                    /s/ *Quin M. Sorenson*
                                            QUIN M. SORENSON, ESQUIRE
                                            Assistant Federal Public Defender